**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PEDRO FLORES,**

       **Plaintiff,**

**v.**                                                         **Case No:   6:18-cv-14-Orl-31KRS**

**DOLGENCORP, LLC,**

       **Defendant.**

**REPORT AND RECOMMENDATION**
(And Direction to Clerk of Court)

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO APPEAR AT DEPOSITION (Doc. No. 24)** |
| **FILED:** | **July 9, 2018** |

**I.   BACKGROUND.**

On May 23, 2018, Plaintiff's attorneys moved to withdraw.  Doc. No. 19.  On the same day, I issued an Order advising Plaintiff that his attorneys were seeking leave to withdraw as his counsel and informing him that, if he objected to the motion to withdraw, he must file an objection to the motion on or before June 8, 2018.  I directed the Clerk of Court to mail the Order and the motion to withdraw to Plaintiff.  Doc. No. 20.  On June 6, 2018, the mailing was returned to the Court as undeliverable.

On June 12, 2018, I issued another Order advising Plaintiff that his attorneys were seeking leave to withdraw and informing him that, if he objected to the motion to withdraw, he must file an objection to the motion on or before June 22, 2018. Doc. No. 21. I also required as follows: "It is **FURTHER ORDERED** that, even if Mr. Flores does not object to the motion to permit his attorneys to withdraw, he must file a notice informing the Court of an up-to-date mailing address and telephone number at which the Court and opposing counsel can reach him." *Id.* I warned: "**Failure to file a notice with an up-to-date mailing address and telephone number may result in this lawsuit being dismissed without further notice.** *See* Fed. R. Civ. P. 16(f)." *Id.* I directed the Clerk of Court to email the Order to Plaintiff at the email address provided by his attorneys. The Clerk's Office has confirmed that the email to Plaintiff did not bounce back.

Plaintiff did not submit the required notice, so, on June 26, 2018, I granted Plaintiff's attorneys' motion to withdraw and informed Plaintiff that he would be responsible for representing himself as an individual in this lawsuit going forward and that he must "review the docket in this case and abide by all orders and deadlines set forth therein." Doc. No. 22. On the same day, I also ordered Plaintiff to show cause, in writing, on or before July 9, 2018, why this case should not be dismissed for failure to comply with my Order requiring him to submit a notice providing up-to-date contact information. Doc. No. 23. The Order warned, "**Failure to respond to this Order by July 9, 2018, may result in this lawsuit being dismissed without further notice.** *See* Fed. R. Civ. P. 16(f)." *Id.* The Order was emailed to Plaintiff. As of the writing of this Report and Recommendation, Plaintiff has not responded to the Order to Show Cause. In addition, the docket does not reflect that the email to Plaintiff bounced back.

On July 9, 2018, Defendant filed a motion for sanctions. Doc. No. 24. In the motion, Defendant's counsel represented that he sent a deposition notice to Plaintiff via U.S. Mail on June

11, 2018, and via email on June 20, 2018. *Id.*, at 2-3. The deposition notice set Plaintiff's deposition for June 28, 2018. Doc. No. 24-1. Defendant's counsel represented that Plaintiff contacted him via telephone on June 20, 2018, to discuss the upcoming deposition. Doc. No. 24, at 3. Nonetheless, Plaintiff did not appear at the deposition on June 28. *Id.* at 3; Doc. No. 24-2. Accordingly, Defendant filed a motion for sanctions, seeking to compel Plaintiff's deposition, require Plaintiff to pay $646.00 in attorneys' fees, and require Plaintiff to pay $385.00 for court reporter and videographer fees. Doc. No. 24, at 4. I scheduled a hearing on the motion, Doc. No. 26, but later cancelled it because Defendant's counsel was not available, Doc. Nos. 27-28. Instead, I required Plaintiff to respond to the motion for sanctions in writing on or before July 30, 2018. Doc. No. 28. The Order warned, "**Failure to respond by July 30, 2018, or to adequately explain why Mr. Flores did not attend his deposition may result in the imposition of sanctions, including a requirement that he pay the costs incurred by Defendant for the deposition Mr. Flores did not attend and dismissal of the case.** Fed. R. Civ. P. 16(f)." *Id.* The Order was mailed and emailed to Plaintiff at his mailing address and email address of record. As of the writing of this Report and Recommendation, Plaintiff has not responded to the motion. The Clerk's Office has confirmed that the mail sent to him has not been returned. In addition, the docket does not reflect that the email sent to Plaintiff bounced back. Accordingly, Defendant's motion for sanctions is now ripe for review.

**II. DISCUSSION.**

As discussed below, I recommend that the Court deny Defendant's motion for sanctions. Nonetheless, I recommend that the Court dismiss Plaintiff's complaint without prejudice for failure to comply with multiple pretrial orders. I discuss each issue separately, below.

A.      Motion for Sanctions.

Defendant asks that the Court sanction Plaintiff for failing to appear at his deposition, which was noticed for June 28, 2018. Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court may order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Here, Plaintiff was not served with proper notice of his deposition. Defendant's motion represents that Defendant's counsel mailed a copy of the deposition notice to Plaintiff directly on June 11, 2018, and emailed a copy of the deposition notice to Plaintiff on June 20, 2018. Doc. No. 24, at 2. The motion does not represent that the notice was served on Plaintiff's counsel, the transmittal letter does not show that a copy of the deposition notice was sent to Plaintiff's counsel, and the certificate of service on the deposition notice does not reflect that the notice was sent to Plaintiff's counsel. Doc. No. 24; Doc. No. 24-1. Although Plaintiff's counsel had moved to withdraw at the time the deposition notice was sent, I did not grant the motion to withdraw until June 26, 2018, and Plaintiff continued to be represented by counsel until then. Doc. No. 23. Rule 5(b)(1) provides, "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Thus, because Defendant should have served the deposition notice on Plaintiff's counsel, Plaintiff's deposition was not properly noticed. Accordingly, I recommend that the Court deny Defendant's motion for sanctions based on Plaintiff's failure to appear for his deposition.

B.      Dismissal for Failure to Comply with Pretrial Orders.

As explained above, I required Plaintiff to file a notice providing up-to-date contact information on or before June 22, 2018. Doc. No. 21. I also required Plaintiff to show cause, in writing, why the case should not be dismissed based on his failure to provide up-to-date contact information, as required, on or before July 9, 2018. Doc. No. 23. Finally, I required Plaintiff to

respond to Defendant's motion for sanctions on or before July 30, 2018. Doc. No. 28. Plaintiff failed to comply with all of these Orders.

Federal Rule of Civil Procedure 16(f)(1)(C) provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(v), in turn, allows a court to dismiss an action, in whole or in part. "[D]istrict courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *United States v. Duran Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003). Dismissal under Rule 37, however, is "appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

In this case, Plaintiff has now failed to comply with three pretrial orders, despite being warned that a failure to comply could result in the dismissal of his case. Indeed, since his attorneys withdrew, this case has effectively come to a halt. Although one mailing was returned as undeliverable, the Clerk's Office has emailed copies of my Orders to Plaintiff at the email address provided by his counsel, and there is no indication that those emails have bounced back. Likewise, my most recent Order was mailed to Plaintiff at the address provided by his counsel, and that mailing has not been returned as undeliverable. Defendant's counsel represents that a deposition notice was sent to Plaintiff at same street and email addresses used by the Court and that, thereafter, Plaintiff contacted Defendant's counsel to discuss the deposition. This supports a conclusion that Plaintiff has received the Court's Orders but is choosing to ignore them.

Based on Plaintiff's pattern of failing to respond to my Orders, I conclude that he is deliberately failing to comply with Court Orders. And, because threats of dismissal have not

secured Plaintiff's compliance with my Orders, I conclude that no lesser sanction would secure Plaintiff's compliance with Court Orders.[1]  Accordingly, I recommend that the Court dismiss Plaintiff's complaint without prejudice.[2]

### III. RECOMMENDATIONS.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant's motion for sanctions (Doc. No. 24), **DISMISS** Plaintiff's complaint (Doc. No. 2) without prejudice, and, thereafter **DIRECT** the Clerk of Court to close the file.

The **Clerk of Court** is **DIRECTED** to mail and email a copy of this Report and Recommendation to Plaintiff at his street and email addresses of record.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on August 7, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] On this point, I note that Defendant filed a motion seeking more than $1,000.00 in sanctions against Plaintiff.  Doc. No. 24.  Despite this, and my Order requiring Plaintiff to respond or face dismissal, Plaintiff failed to respond to the motion.  This suggests that monetary sanctions would not be effective in securing Plaintiff's compliance with Court Orders.

[2] Plaintiff's premises liability complaint, Doc. No. 2, relates to an incident that occurred in November 2016.  Therefore, the statute of limitations has not expired, and a dismissal without prejudice would not work as a dismissal with prejudice.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy